NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



KAY BURDEN,

        Plaintiff-Appellant,

  v.

BAR LOUIE ANAHEIM, INC., DBA Bar Louie,

        Defendant-Appellee.

No. 16-55371

D.C. No. 8:15-cv-00638-AG-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 12, 2017[**]
Pasadena, California

Before: KOZINSKI and OWENS, Circuit Judges and WILKEN,[***] Senior District Judge.

    Kay Burden appeals the district court's decision to grant summary judgment

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]The Honorable Claudia Wilken, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

for Bar Louie Anaheim, Inc. (BLA) in this diversity slip-and-fall case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Burden argues that the district court erred when it admitted Kerry Paredes' declaration into evidence. Paredes was not identified as a witness in BLA's initial disclosures. If a party fails to provide information or identify a witness as required by Federal Rule of Civil Procedure 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). The standard of review for a district court's decisions concerning Rule 37 sanctions is abuse of discretion. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014).

BLA's failure to identify Paredes in its initial disclosures was harmless. Considering *de novo* the evidence that BLA provided in discovery, *see Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017), in the light most favorable to Burden as the non-movant on summary judgment, *see* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987), it can be inferred that BLA did

2

not control Bar Louie after the sale and therefore was not the right defendant. *See*

*Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016). Accordingly, Paredes'

declaration was necessary only to authenticate the documents. But Burden had

been given the documents previously and does not dispute their authenticity. She

offered no evidence that BLA controlled the property. The district court did not

abuse its discretion by admitting Paredes' declaration and its attachments, and the

court correctly granted summary judgment for BLA.

**AFFIRMED.**